UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IRA L. JACKSON,

         Plaintiff,

   v.                 04-cv-0812

JO ANNE B. BARNHART
COMMISSIONER OF
SOCIAL SECURITY,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I. INTRODUCTION**

On June 6, 2005, this Court dismissed Plaintiff's Complaint insofar as it sought review of the Social Security Administration's determination of benefits for failure to exhaust administrative remedies. Presently before the Court is Defendant's Motion to Dismiss and Plaintiff's Cross Motion for a default judgment.

**II. FACTS**

On July 12, 2004, Plaintiff brought the instant action against Defendant seeking a review of his Social Security benefit determinations and alleging discrimination based on disability. While Plaintiff's papers are unclear, it appears that he is alleging discrimination by the Social Security Administration in not granting him an earlier disability onset date of September 17, 1997. On June 6, 2005, this Court dismissed that portion of the Complaint

seeking review of the benefit determinations due to Plaintiff's failure to exhaust administrative remedies.

On July 11, 2005, Plaintiff filed a Motion for Reconsideration of the Order which partially granted Defendant's Motion to Dismiss.  Plaintiff's motion was denied due to his failure to proffer any evidence tending to suggest that he properly exhausted his administrative remedies or otherwise completed the appeals mechanism available through the Social Security Administration.  On December 9, 2005, Plaintiff filed a subsequent Motion for Default Judgment/Reconsideration of the Order denying his previous Motion for Reconsideration.  This Motion was denied on December 9, 2005.  Presently before the Court is Defendant's Motion to Dismiss Plaintiff's remaining claim and Plaintiff's Cross Motion for Default Judgment.

### III.     DISCUSSION

Defendant moves to dismiss Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), on the ground that the Court lacks subject matter jurisdiction.  The Court agrees.  There are three general areas of activity regulated by the ADA: employment (Title I) 42 U.S.C. §12112, public services (Title II) 42 U.S.C. § 12132, and public accommodations and services operated by private entities (Title III) 42 U.S.C. §12182. Plaintiff's claim against Defendant falls within Title II of the ADA, which prohibits discrimination against the disabled by a "public entity." 42 U.S.C. §12132.  As defined by the statute, a "public entity" is "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. §12131(1).  In accordance with this definition, Title II of the ADA is not applicable to the federal government and its agencies or employees. Cellular Phone Taskforce v. FCC, 217

F.3d 72,73 (2d Cir. 2000).  The Court, therefore, lacks subject-matter jurisdiction over Plaintiff's ADA claims against Defendant.  Accordingly, Plaintiff's ADA claim is dismissed, and Defendant's Motion to Dismiss is GRANTED.

Plaintiff has filed a Cross Motion for a Default Judgment.  While Plaintiff's papers are unclear, it appears that Plaintiff's Cross Motion for Default Judgment is substantively a motion for reconsideration.  However, Plaintiff has failed to demonstrate proper grounds for relief pursuant to Fed. R. Civ. P. 60 or N.D.N.Y.L.R. 7.1(g).  As stated in the previous decisions by this Court, Plaintiff has not submitted any evidence tending to suggest that he properly exhausted his administrative remedies, or that he completed the appeals mechanisms available through the Social Security Administration.  Therefore, a default judgment against the Defendant is not warranted.  Plaintiff's Cross Motion for Default Judgment is therefore DENIED.

## IV. CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss is GRANTED, the Complaint is DISMISSED and Plaintiff's Motion for Default Judgment is DENIED.  The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated:February 14,2006

Thomas J. McAvoy
Senior, U.S. District Judge